B2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle District of Tennessee

In re  MADALYN ADAMS                               ,                    Case No.   25-05062

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Westlake Portfolio Management | Flagship Credit Acceptance, LLC |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
  4751 Wilshire Blvd., Suite 100
  Los Angeles, CA 90010

Court Claim # (if known):      9
Amount of Claim:      $33,941.56
Date Claim Filed:      01/09/2036

Phone:  844-358-0648
Last Four Digits of Acct #:      5591

Phone:  888-717-8440
Last Four Digits of Acct. #:      796

Name and Address where transferee payments should be sent (if different from above):
  3440 Flair Drive Lockbox#841637
  El Monte, CA 91731

Phone:  844-358-0648
Last Four Digits of Acct #:      5591

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Angeles Prado                               Date:  05/05/2026
      Transferee/Transferee's Agent

*Penalty for making a  false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

POWER OF ATTORNEY

This Power of Attorney (this "Power of Attorney") is executed and delivered by Flagship Credit Acceptance, LLC ("Grantor") to Westlake Portfolio Management, LLC ("Attorney"), pursuant to the Servicing Agreement, executed by Grantor as of April 1, 2026 (as amended, restated, supplemented or otherwise modified from time to time, the "Servicing Agreement"), between Grantor and Attorney, as Servicer. All capitalized terms used herein shall have the meanings set forth in the Servicing Agreement.

No person to whom this Power of Attorney is presented, as authority for Attorney to take any action or actions contemplated hereby, shall inquire into or seek confirmation from Grantor as to the authority of Attorney to take any action described below, or as to the existence of or fulfillment of any condition to this Power of Attorney, which is intended to grant to Attorney unconditionally the authority to take and perform the actions contemplated herein, and Grantor irrevocably waives any right to commence any suit or action, in law or equity, against any person or entity that acts in reliance upon or acknowledges the authority granted under this Power of Attorney. The power of attorney granted hereby is coupled with an interest and may not be revoked or cancelled by Grantor absent a Servicer Termination Event that goes uncured pursuant to the terms of the Servicing Agreement.

Grantor hereby irrevocably constitutes and appoints Attorney (and all officers, employees or agents designated by Attorney), with full power of substitution, as its true and lawful attorney-in-fact with full irrevocable power and authority in its place and stead and in its name or in Attorney's own name, from time to time in Attorney's discretion, to take any and all appropriate action and to execute and deliver any and all documents and instruments that may be necessary or desirable to accomplish the purposes of the Servicing Agreement, and, without limiting the generality of the foregoing, hereby grants to Attorney the power and right, on its behalf, without notice to or assent by it to do the following: (i) give any necessary receipts or acquittance for amounts collected or received hereunder, (ii) make all necessary transfers of the Receivables or the related Financed Vehicles in connection with any sale or other disposition made pursuant hereto, (iii) execute and deliver for value all necessary or appropriate bills of sale, assignments and other instruments in connection with any such sale or other disposition, Grantor thereby ratifying and confirming all that such attorney (or any substitute) shall lawfully do hereunder and pursuant hereto, (iv) sign any agreements, orders or other documents in connection with or pursuant to the Servicing Agreement, (v) pay or discharge any taxes, Liens or other encumbrances levied or placed on or threatened against Grantor or the Receivables or the related Financed Vehicles, (vi) defend any suit, action or proceeding brought against Grantor if Grantor does not defend such suit, action or proceeding or if Attorney believes that it is not pursuing such defense in a manner that will maximize the recovery to Attorney, and settle, compromise or adjust any suit, action or proceeding described above and, in connection therewith, give such discharges or releases as Attorney may deem appropriate, (vii) in the name of Attorney, file or prosecute any claim, litigation, suit or proceeding in any court of competent jurisdiction or before any arbitrator, or take any other action otherwise deemed appropriate by Attorney for the purpose of collecting any and all such moneys due to Grantor whenever payable and to enforce any other right in respect of the Receivables or the related Financed Vehicles, (viii) sell, transfer, pledge, make any agreement with respect to or otherwise deal with, any of the Receivables or the related Financed Vehicles, and execute, in connection with such sale or action, any

1

endorsements, assignments or other instruments of conveyance or transfer in connection therewith and (ix) all acts and other things that Attorney reasonably deems necessary to perfect, preserve, or realize upon the Receivables or the related Financed Vehicles, all as fully and effectively as it might do. Grantor hereby ratifies, to the extent permitted by Applicable Law, all that said attorneys shall lawfully do or cause to be done by virtue hereof.

[Remainder of Page Intentionally Left Blank]

2

IN WITNESS WHEREOF, this Power of Attorney is executed by Grantor as of this 1st day of April 2026.

FLAGSHIP CREDIT ACCEPTANCE, LLC

By: _____

Name: John Madden

Title: Authorized Signatory

ACKNOWLEDGEMENT

| |
|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

STATE OF New York )

) SS.

COUNTY OF New York )

On 25th day of March 2026 before me, ( Carol Wang ), personally

Name of Notary Public

appeared John Madden , who proved to me on the

Name of Signatory

basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of New York that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____

Notary Public Signature

Carol Wang
Notary Public - State of New York
No. 01WA6087955
Qualified in Queens County
My Commission Expires March 3, 2027

Notary Public Seal

[Signature Page to Power of Attorney]